## 51842. GENERAL MOTORS ACCEPTANCE CORPORATION v. BANK OF CARROLL COUNTY.

BELL, Chief Judge.

Plaintiff bank's motion for summary judgment was granted in this suit to recover on four checks drawn by the defendant General Motors Acceptance Corporation.

The facts are not disputed. On October 24, 1974, G.M.A.C. drew 4 checks payable to Huber Chevrolet totaling $21,684.10. Huber deposited them in its account in the bank with a restrictive endorsement "For deposit only" and the bank credited Huber's account. Huber then drew a check for $26,000 on its account in the bank which posted a debit charge to the Huber account. On October 25, 1974, both the bank and defendant learned that Huber

had become insolvent. The bank "froze" Huber's checking account and all other accounts in which Huber had an interest and defendant stopped payment on the four checks. On October 28, 1974, the bank dishonored the $26,000 check and credited Huber's account for that amount. On receipt of notice of dishonor the bank then charged back against Huber's account the amount of the four checks, leaving a balance in the account of $10,912.02. Defendant in opposition to the bank's motion raised the defense of setoff. *Held:*

1. The trial court held that the bank by the mere deposit and the crediting to the Huber account gave value for four checks; that it acquired a holder in due course status which precluded the assertion of the defense of setoff as raised by the defendant. A bank has given value for the purposes of determining its status as a holder in due course when it has acquired a security interest in an item. Code § 109A-4—208. The bank here did not obtain a security interest in the checks for there is no evidence that it permitted any withdrawal or application against the credit as is required by Code § 109A-4—208 in order to establish a "security interest." The facts compel the conclusion that the bank gave no value for the checks in issue. The bank debited or charged back the Huber account when it received notice of dishonor of the checks which shows that the credit given was a provisional one and conditioned on the payment of the checks. The check which Huber drew on its account for $26,000 cannot be classified as a withdrawal as the bank itself dishonored it and refused to pay it when presented for payment. Therefore the plaintiff bank had not given value for the checks and is not a holder in due course. *Pazol v. Citizens Nat. Bank,* 110 Ga. App. 319 (138 SE2d 442) cited by the bank is inapposite for there the payee of a deposited check was permitted to withdraw the full amount before the receipt of a stop payment order which gave the bank a security interest in the instrument and holder in due course status.

2. The record clearly demonstrates that the bank exercised its charge back rights granted to it by Code § 109A-4—212 when it debited the Huber account on notice of dishonor for the exact amount of the four checks in issue

and thereby made itself whole. To allow the bank a recovery in this suit where it has exercised its charge back rights would permit a double recovery. This cannot be allowed. Defendant is entitled to judgment as a matter of law by this fact alone. Thus, we need not decide whether the defense of setoff was established as a matter of law.

It was error to grant the bank's motion and to deny defendant's.

*Judgment reversed with direction to grant judgment for defendant. Clark and Stolz, JJ., concur.*

ARGUED MARCH 8, 1976 — DECIDED MAY 17, 1976.

*A. Mims Wilkinson, Jr., Ketzky & Hipp, P. Seal Hipp, Julian B. McDonnell, Jr.,* for appellant.

*Aubrey Duffey, Wyatt, Wyatt & Solomon, John W. Wyatt,* for appellee.